LATHAM & WATKINS LLP
Kevin C. Wheeler (SBN 261177)
 kevin.wheeler@lw.com
801 Jefferson Ave, Suite 300
Redwood City, CA 94063
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorney for Plaintiff Serendia, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INMODE LTD. AND INVASIX INC., <br><br> Defendants. | Civil Action No. 2:26-cv-6791 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Serendia, LLC ("Serendia" or "Plaintiff") brings this complaint for patent infringement against Defendants InMode Ltd. and Invasix Inc. (collectively, "InMode" or "Defendants") and alleges the following:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.     Plaintiff Serendia is a limited liability company organized and existing under the laws of the State of California with a place of business at 3660 Wilshire Blvd., Ste. 504, Los Angeles, CA 90010.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

3.     Upon information and belief, Defendant InMode Ltd. is an Israeli corporation headquartered at Tavor Building, Shaar Yokneam, P.O. Box 533, Yokneam 2069206, Israel. InMode Ltd., itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, and/or sells after importation into the United States RF microneedling dermatological treatment devices and components thereof, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

4.     Upon information and belief, Defendant Invasix Inc. is a Delaware corporation, a wholly owned subsidiary of InMode Ltd., with a principal place of business at 17 Hughes, Irvine, CA 92618. Upon information and belief, Invasix Inc., itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, and/or sells after importation into the United States RF microneedling dermatological treatment devices and components thereof, and this is the primary nature of its business. Upon information and belief, Invasix Inc. sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendants.

7.     This Court has personal jurisdiction over Defendant Invasix Inc. because it has a principal place of business in Irvine, California and has purposely

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

COMPLAINT FOR PATENT INFRINGEMENT

availed itself of the privileges and benefits of the laws of the State of California. This Court also has personal jurisdiction over Invasix Inc. under the laws of the State of California, due at least to its substantial business in California and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of California.

8. This Court has personal jurisdiction over Defendant InMode Ltd. InMode Ltd. is an Israeli corporation that has purposefully directed its activities at residents of the United States, including this judicial district, and has purposefully availed itself of the privilege of conducting business in the State of California, including through Invasix Inc., a wholly-owned subsidiary that also acts as InMode Ltd.'s designated agent for service of process in the United States. Ex. 1, InMode Ltd. SEC Filing Form 20-F for fiscal year ended December 31, 2025, at 17-19.

9. Upon information and belief, InMode Ltd. intends to serve, and does serve, the United States market—including the California market—through its established distribution channels and with Invasix Inc., without excluding any portion of the country from its marketing and distribution efforts. Upon information and belief, the InMode products accused of infringement herein are available for purchase and use by medical and skincare practices throughout the United States, including in this judicial district. The "Find a Provider" search on InMode's website (https://www.inmodemd.com/find-a-provider/) identifies several InMode providers in California, some of which have a "Morpheus Verified Provider" designation.

10. In the alternative, this Court has personal jurisdiction over InMode Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2) because Serendia's claims arise under federal law, InMode Ltd. is not subject to jurisdiction in any state court of general jurisdiction, and exercising jurisdiction over InMode Ltd. comports with due process.

11.    Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Invasix Inc. has committed acts of infringement in this district and has a regular and established place of business in this district at 17 Hughes, Irvine, California 92618.

12.    Venue is proper against InMode Ltd., a foreign corporation, in any judicial district that has personal jurisdiction over it, including in this District, under 28 U.S.C. § 1391(c)(3).

## THE ASSERTED PATENTS

13.    The Asserted Patents—U.S. Patent No. 9,320,536; U.S. Patent No. 9,775,774; U.S. Patent No. 10,869,812; and U.S. Patent No. 12,220,549—share the same named inventor, Dr. Jongju Na, and are members of a single patent family that share a common specification.

### The '536 Patent

14.    The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 9,320,536, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on April 26, 2016. *See* Ex. 2, '536 Patent. The '536 Patent issued from Application No. 13/825,083, filed on February 22, 2012. *Id*.

15.    Serendia is the assignee and owner of the right, title, and interest in and to the '536 Patent.

### The '774 Patent

16.    The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 9,775,774, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on October 3, 2017. *See* Ex. 3, '774 Patent. The '774 Patent issued from Application No. 15/096,686, filed on April 12, 2016. *Id*.

17.    Serendia is the assignee and owner of the right, title, and interest in and to the '774 Patent.

**The '812 Patent**

18.    The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 10,869,812, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on December 22, 2020. *See* Ex. 4, '812 Patent. The '812 Patent issued from Application No. 15/724,261, filed on October 3, 2017. *Id*.

19.    Serendia is the assignee and owner of the right, title, and interest in and to the '812 Patent.

**The '549 Patent**

20.    The United States Patent and Trademark Office, after full and fair examination, duly and legally issued U.S. Patent No. 12,220,549, titled "Method, System, and Apparatus for Dermatological Treatment," to inventor Jongju Na on February 11, 2025. *See* Ex. 5, '549 Patent. The '549 Patent issued from Application No. 18/680,754, filed on May 31, 2024. *Id*.

21.    Serendia is the assignee and owner of the right, title, and interest in and to the '549 Patent.

**FACTUAL BACKGROUND**

22.    Dr. Na, the named inventor of all four Asserted Patents, has been called the "Father of Microneedling" and radio frequency (RF) microneedling. Dr. Na earned a PhD in human anatomy and practiced as a medical doctor in South Korea, before moving to the United States. By 2008, Dr. Na invented an approach to treating dermatological tissue that involved extending small needles, known as microneedles, into the dermatological tissue to apply RF signals. By 2011, Dr. Na invented an approach to use these microneedles to apply RF signals such that the energy was concentrated around each electrode, at targeted depths and intensities to treat different skin conditions. In 2015, Dr. Na published an article in Scientific Reports, an open-access journal from the prestigious journal Nature that publishes

rigorously peer-reviewed research, that demonstrated the RF-induced coagulation around each microneedle at varying depths.

23.    The Asserted Patents resulted from the pioneering efforts of Dr. Na in the area of aesthetic skin treatment devices. These efforts resulted in the development of novel RF microneedling systems, apparatuses and methods for aesthetic dermatological treatment for tightening skin.

24.    The inventions conceived of by Dr. Na and described and claimed in the Asserted Patents improve upon the prior technology, for example by applying RF energy directly using microneedles at desired depths and controlling the conduction time of the RF energy applied. These inventions achieved the desired tightening of the skin without burning the patient and thus causing pain and scarring.

25.    InMode, itself and through its subsidiaries and related entities, designs, develops, manufactures, sells for importation, imports into the United States, sells after importation into the United States, and/or uses RF microneedling dermatological treatment devices and components thereof (e.g., needle assemblies), including the Morpheus8, Morpheus8 Body, Morpheus8 Face, Morpheus8 Deep, Morpheus8 Burst, and Morpheus8 Burst Deep handpieces and Morpheus8 Pin Tips, together with associated platforms and consoles marketed as Optimas, Optimas MAX, EmbraceRF, Envision, EmpowerRF, Luxora, IgniteRF, Define, and ApexRF (collectively, the "Morpheus8 Products" or "accused products"). Upon information and belief, this is the primary nature of InMode's business.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,320,536

26.    Serendia incorporates by reference the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

27.    On information and belief, InMode directly infringes under 35 U.S.C. § 271(a) because InMode uses, offers to sell, and/or sells accused products or imports into the United States accused products that infringe at least one claim of the '536 Patent, literally or under the doctrine of equivalents.

28. A claim chart applying the independent claims of the '536 Patent to a representative accused product is set forth in Exhibit 6.

29. On information and belief, InMode has had knowledge of the '536 Patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '536 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

30. On information and belief, since InMode had knowledge of the '536 Patent, InMode has induced and continues to induce others to infringe the claims of the '536 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to InMode's partners and customers, whose use of the accused products constitutes direct infringement of the '536 Patent.

31. In particular, InMode's actions that aid and abet others such as its partners and customers to infringe include distributing the accused products and providing materials and/or services related to the accused products. On information and belief, InMode has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because InMode has had actual knowledge of the '536 Patent and that its acts were inducing infringement of the '536 Patent since InMode has had knowledge of the '536 Patent.

32. In particular, on information and belief, InMode induces infringement of the '536 Patent by encouraging, instructing, and aiding one or more persons in the United States— including InMode's partners, customers, distributors, and end users, as well as InMode employees who test and operate the accused products at the direction of InMode—to use the accused products in a manner that directly infringes the '536 Patent. InMode's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing

demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

33.    Upon information and belief, since InMode had knowledge of the '536 Patent, InMode is liable as a contributory infringer of the '536 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '536 Patent. These products are material components for use in practicing the '536 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

34.    On information and belief, since InMode had knowledge of the '536 Patent, InMode's infringement has been and continues to be willful.

35.    Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the '536 Patent.

36.    Serendia will be irreparably harmed if InMode's infringing activities are not enjoined.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,775,774

37.    Serendia incorporates by reference the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38.    On information and belief, InMode directly infringes under 35 U.S.C. § 271(a) because InMode uses, offers to sell, and/or sells accused products or imports into the United States accused products that infringe at least one claim of the '774 Patent, literally or under the doctrine of equivalents.

39.    A claim chart applying the independent claims of the '774 Patent to a representative accused product is set forth in Exhibit 7.

40.    On information and belief, InMode has had knowledge of the '774 Patent and its infringement thereof, acted with willful blindness as to its existence,

at least since learning of the '774 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

41.     On information and belief, since InMode had knowledge of the '774 Patent, InMode has induced and continues to induce others to infringe the claims of the '774 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to InMode's partners and customers, whose use of the accused products constitutes direct infringement of the '774 Patent.

42.     In particular, on information and belief, InMode induces infringement of the '774 Patent by encouraging, instructing, and aiding one or more persons in the United States— including InMode's partners, customers, distributors, and end users, as well as InMode employees who test and operate the accused products at the direction of InMode—to use the accused products in a manner that directly infringes the '774 Patent. InMode's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

43.     Upon information and belief, since InMode had knowledge of the '774 Patent, InMode is liable as a contributory infringer of the '774 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '774 Patent. These products are material components for use in practicing the '774 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

44.    On information and belief, since InMode had knowledge of the '774 Patent, InMode's infringement has been and continues to be willful.

45.    Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the '774 Patent.

46.    Serendia will be irreparably harmed if InMode's infringing activities are not enjoined.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,869,812

47.    Serendia incorporates by reference the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.    On information and belief, InMode directly infringes under 35 U.S.C. § 271(a) because InMode uses, offers to sell, and/or sells accused products or imports into the United States accused products that infringe at least one claim of the '812 Patent, literally or under the doctrine of equivalents.

49.    A claim chart applying the independent claims of the '812 Patent to a representative accused product is set forth in Exhibit 8.

50.    On information and belief, InMode has had knowledge of the '812 Patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '812 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

51.    Upon information and belief, since InMode had knowledge of the '812 Patent, InMode has induced and continues to induce others to infringe the claims of the '812 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to InMode's partners and customers, whose use of the accused products constitutes direct infringement of the '812 Patent.

52.    In particular, on information and belief, InMode induces infringement of the '812 Patent by encouraging, instructing, and aiding one or more persons in the

United States— including InMode's partners, customers, distributors, and end users, as well as InMode employees who test and operate the accused products at the direction of InMode — to use the accused products in a manner that directly infringes the '812 Patent. InMode's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

53. Upon information and belief, since InMode had knowledge of the '812 Patent, InMode is liable as a contributory infringer of the '812 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '812 Patent. These products are material components for use in practicing the '812 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

54. On information and belief, since InMode had knowledge of the '812 Patent, InMode's infringement has been and continues to be willful.

55. Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the '812 Patent.

56. Serendia will be irreparably harmed if InMode's infringing activities are not enjoined.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 12,220,549

57. Serendia incorporates by reference the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

58. On information and belief, InMode directly infringes under 35 U.S.C. § 271(a) because InMode uses, offers to sell, and/or sells accused products or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

imports into the United States accused products that infringe at least one claim of the '549 Patent, literally or under the doctrine of equivalents.

59.    A claim chart applying the independent claims of the '549 Patent to a representative accused product is set forth in Exhibit 9.

60.    On information and belief, InMode has had knowledge of the '549 Patent and its infringement thereof, acted with willful blindness as to its existence, at least since learning of the '549 Patent on its own or receiving notice thereof, and such notice occurred no later than the filing date of this complaint and the parallel complaint filed at the International Trade Commission.

61.    On information and belief, since InMode had knowledge of the '549 Patent, InMode has induced and continues to induce others to infringe the claims of the '549 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to InMode's partners and customers, whose use of the accused products constitutes direct infringement of the '549 Patent.

62.    In particular, on information and belief, InMode induces infringement of the '549 Patent by encouraging, instructing, and aiding one or more persons in the United States— including InMode's partners, customers, distributors, and end users, as well as InMode employees who test and operate the accused products at the direction of InMode—to use the accused products in a manner that directly infringes the '549 Patent. InMode's actions that aid and abet such infringement include distributing the accused products, promoting them, directing prospective patients to practices that perform treatments using the accused products, and providing demonstrative and informational webinars, videos, and other materials regarding the accused products intended to encourage use of the accused products by clients, customers, and/or end users whose use of the accused products constitutes direct infringement.

63. Upon information and belief, since InMode had knowledge of the '549 Patent, InMode is liable as a contributory infringer of the '549 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States accused products especially made or adapted for use in an infringement of the '549 Patent. These products are material components for use in practicing the '549 Patent and specifically made or especially adapted for infringing use and are not staple articles of commerce suitable for substantial non-infringing use.

64. On information and belief, since InMode had knowledge of the '549 Patent, InMode's infringement has been and continues to be willful.

65. Plaintiff has complied with the requirements of 35 U.S.C. § 287 to pursue and recover for any infringement of the '549 Patent.

66. Serendia will be irreparably harmed if InMode's infringing activities are not enjoined.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 38-1, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against InMode as follows:

A. Declaring that InMode has infringed one or more claims of the '536, '774, '812, and '549 Patents;

B. Declaring that InMode's infringement of the '536, '774, '812, and '549 Patents is willful and awarding enhanced damages under 35 U.S.C. § 284;

C. Awarding damages sufficient to compensate Serendia for InMode's past infringement of the '536, '774, '812, and '549 Patents, and any continuing or future infringement, including pre-judgment and post-judgment interest, costs, or expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D.     Declaring that this case is exceptional under 35 U.S.C. § 285, and an award of Serendia's reasonable attorneys' fees;

E.     Permanently enjoining InMode, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors, sellers, and consumers, from continuing acts of infringement; and,

F.     Awarding any such other relief at law or in equity that the Court deems just and proper.

Dated: June 22, 2026                          Respectfully submitted,

                                              **LATHAM & WATKINS LLP**

                                              By: */s/ Kevin C. Wheeler*
                                                  Kevin C. Wheeler (SBN 261177)
                                                   kevin.wheeler@lw.com
                                                  801 Jefferson Ave, Suite 300
                                                  Redwood City, CA  94063
                                                  Telephone: (202) 637-2200
                                                  Facsimile: (202) 637-2201

                                              *Attorney for Plaintiff Serendia, LLC*